# EXHIBIT C

Filed
5/16/2019 9:35 AM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000923D4

CAUSE NO. 2019CVH000923D4

| | | |
|---|---|---|
| A.E. SANTOS and <br> A.E. SANTOS, L.C. <br> *Plaintiffs,* <br><br> v. <br><br> GREAT AMERICAN INSURANCE GROUP, RON HENDERSON, ENGLE MARTIN & ASSOCIATES, LLC, THOMAS KORALESK and ANDREW SKELLIE <br> *Defendants.* | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br><br> WEBB COUNTY, TEXAS <br><br><br><br> 406th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

A E. SANTOS and A. E. SANTOS, L.C. ("Plaintiffs"), complain of GREAT AMERICAN INSURANCE GROUP ("Great American") and RON HENDERSON, ENGLE MARTIN & ASSOCIATES, THOMAS KORALESK and ANDREW SKELLIE (collectively "Defendants") and respectfully shows as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II. PARTIES AND PROCESS SERVICE

2. Plaintiff A.E. Santos is an individual who resides in Webb County, Texas.

Filed
5/16/2019 9:35 AM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000923D4

CAUSE NO. 2019CVH000923D4

| | | |
|---|---|---|
| A.E. SANTOS and <br> A.E. SANTOS, L.C. <br> *Plaintiffs*, <br> <br> v. <br> <br> GREAT AMERICAN INSURANCE <br> GROUP, RON HENDERSON, ENGLE <br> MARTIN & ASSOCIATES, LLC, <br> THOMAS KORALESK and ANDREW <br> SKELLIE <br> *Defendants*. | § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br> <br> <br> WEBB COUNTY, TEXAS <br> <br> <br> <br> 406th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

A E. SANTOS and A. E. SANTOS, L.C. ("Plaintiffs"), complain of GREAT AMERICAN INSURANCE GROUP ("Great American") and RON HENDERSON, ENGLE MARTIN & ASSOCIATES, THOMAS KORALESK and ANDREW SKELLIE (collectively "Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.  Plaintiff A.E. Santos is an individual who resides in Webb County, Texas.

3.  Plaintiff A.E. Santos, LC is a Texas limited liability company with its principal place of business in Webb County, Texas.

4. Defendant Great American Insurance Group is a domestic insurance company engaging in the business of insurance in Texas. This Defendant may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Issuance of citation is requested at this time.

5. Defendant Ron Henderson is an individual and an insurance adjuster licensed by the Texas Department of Insurance. Mr. Henderson is a Texas resident and may be served with process through the Texas Secretary of State, 1019 Brazos, Room 105, Austin, Texas 78701 for further forwarding to 301 E. 4th Street, Floor 21, Cincinnati, Ohio 45202. Issuance of citation is requested at this time.

6. Defendant Engle Martin & Associates is a domestic insurance/adjusting company engaging in the business of insurance in Texas and its principal place of business located at 14100 Southwest Freeway, Sugarland TX 77478. This Defendant may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Issuance of citation is requested at this time.

7. Defendant Thomas Koralewski is an individual and an insurance adjuster licensed by the Texas Department of Insurance and who is employed by Engle Martin & Associates. Mr. Koralewski is a Texas resident and may be served with process at his place of employment located at 14100 Southwest Freeway, Sugarland TX 77478. Issuance of citation is requested at this time.

8. Defendant Andrew Skellie is an individual and an insurance adjuster licensed by the Texas Department of Insurance and who is employed by Engle Martin & Associates. Mr. Skellie

is a Texas resident and may be served with process at his place of employment located at 14100 Southwest Freeway, Sugarland TX 77478 or 1474 W. Price Road, Suite 7-402 Brownsville TX 78526. Issuance of citation is requested at this time.

9. The Clerk is requested to issue Citations.

## III.
## JURISDICTION

10. Plaintiffs seek monetary relief over $1,000,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

11. The court has jurisdiction over Defendant Great American because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

12. The court has jurisdiction over Defendants Henderson, Engle Martin, Koralesk and Skellie because these Defendants are Texas residents, because these Defendants engage in the business of adjusting insurance claims in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

13. Venue is proper in Webb County, Texas, because the insured property giving rise to this cause of action is situated in Webb County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

14. Defendants have been provided notice, in writing, of the claims made by Plaintiffs in this petition, including Plaintiffs' actual damages in the manner and form required.

15. All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendants' prior breach of the insurance contract.

## VI.
## FACTS

16. Plaintiffs owned certain real property with improvements and personal property located at 1601 W. Calton (Rear), Laredo, Texas 78041, 1601 W. Calton (North Side), Laredo, Texas 78041, and 4606 Modern Lane, Laredo, Texas 78041 (the "Properties"), which were insured by insurance policy number **MAC 14679610000 Policy Period 9/4/2016 to 9/4/2017**: issued by Great American (the "Policy").

17. On or about May 21, 2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiffs made a claim (**Claim No. A00196123**) and demand for payment on Defendant Great American for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiffs made the Claim, Defendant Great American assigned or otherwise retained its employee and/or agent, Defendants Ron Henderson, Engle Martin, Koralesk and Skellie, to adjust Plaintiffs' Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' claim. Further, Defendant Great American has refused to pay all amounts due and owing under the Policy for the Claim.

18. Defendants made numerous errors in estimating the value of Plaintiffs' claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendants failed to fully quantify Plaintiffs' damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiffs' claim. Defendants conducted a substandard

investigation of Plaintiffs' Claim. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiffs' claim. Further, Defendants Ron Henderson and Tim Hardin knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiffs' claim. Because of Defendants Ron Henderson and Tim Hardin's conduct, Plaintiffs' claim was underpaid and partially-denied.

19. Defendant GREAT AMERICAN failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant GREAT AMERICAN refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiffs. Defendant GREAT AMERICAN's conduct constitutes a breach of the insurance contract between Defendant GREAT AMERICAN and Plaintiffs.

20. All Defendants misrepresented to Plaintiffs that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

21. All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when GREAT AMERICAN's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

22. All Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not

communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

23. All Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

24. All Defendants refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

25. Defendant GREAT AMERICAN failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant GREAT AMERICAN's conduct constitutes a violation of TEX.INS.CODE §542.055.

26. Defendant GREAT AMERICAN failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant GREAT AMERICAN's conduct constitutes a violation of TEX.INS.CODE §542.056.

27. Defendant GREAT AMERICAN failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant GREAT AMERICAN

has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for Plaintiffs' claim. Defendant GREAT AMERICAN's conduct constitutes a violation of TEX.INS.CODE §541.058.

28. From and after the time Plaintiffs' claim was presented to Defendant GREAT AMERICAN, the liability of Defendant GREAT AMERICAN to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant GREAT AMERICAN has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant GREAT AMERICAN's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

30. Because of all Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT GREAT AMERICAN

31. Defendant GREAT AMERICAN is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

32. The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant GREAT AMERICAN. Defendant GREAT AMERICAN breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant

GREAT AMERICAN's breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

33. The conduct, acts, and/or omissions by Defendant GREAT AMERICAN constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

34. Defendant GREAT AMERICAN's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

35. Defendant GREAT AMERICAN's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant GREAT AMERICAN's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

36. Defendant GREAT AMERICAN's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

37. Defendant GREAT AMERICAN's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

38. Defendant GREAT AMERICAN's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

39. Defendant GREAT AMERICAN's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant GREAT AMERICAN refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

    **C.**    **Prompt Payment Of Claims Violations.**

40. The Claim is a claim under an insurance policy with Defendant GREAT AMERICAN of which Plaintiffs gave Defendant GREAT AMERICAN. Defendant GREAT AMERICAN is liable for the Claim. Defendant GREAT AMERICAN violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant GREAT AMERICAN reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant GREAT AMERICAN's receipt of all items, statements, and forms reasonably requested and required, longer than the

amount of time provided by TEX. INS. CODE §542.058.

41. Defendant GREAT AMERICAN's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

42. Defendant GREAT AMERICAN breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant GREAT AMERICAN knew or should have known that its liability to Plaintiffs were reasonably clear. Defendant GREAT AMERICAN's conduct proximately caused Plaintiffs' injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANTS RON HENDERSON, ENGLE MARTIN & ASSOCIATES, THOMAS KORALESK AND ANDREW SKELLIE

43. Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie are insurance adjusters that were assigned or otherwise engaged by GREAT AMERICAN to adjust the claim.

### A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

44. The conduct, acts, and/or omissions by Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

45. Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendant GREAT AMERICAN, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined

as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Great American plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster,* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

46. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

47. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

48. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Great American plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster,* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

46. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

47. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

48. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

49. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

50. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, in refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

51. The unfair settlement practices of Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie, as described above, compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants Ron Henderson, Engle Martin & Associates, Thomas Koralesk and Andrew Skellie refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

52. Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## X.
## DAMAGES

53. Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

54. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as interest per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

59. Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

60. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By: /s/ *Wayne D. Collins*
Wayne D. Collins.
State Bar No.: 0096384
wcollins@bartonlawgroup.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com

1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax